# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENNON B.,**<br>Plaintiff**,**<br>vs.<br>**WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT, ET AL.,**<br>Defendants**.** | CASE NO. 19-cv-02394-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

On September 24, 2019, the Court heard oral argument on defendant's motion to dismiss, which was fully briefed. (Dkt. Nos. 23, 28, 29.) As stated on the record, and confirmed herein, having carefully considered the briefing and arguments submitted in this matter, defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

First, with respect to defendants' assertion that plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983"), 29 U.S.C. § 794 ("Section 504"), and Title IX of the Education Amendments of 1972 ("Title IX") are untimely, the Court finds that the applicable statutes of limitations have been and continue to be tolled in light of plaintiff's incompetence. *See Tzolov v. International Jet Leasing, Inc.*, 232 Cal.App.3d 117, 120-21 (1991). Accordingly, the Court **DENIES** this portion of defendants' motion.

Second, regarding plaintiff's Section 1983 Equal Protection claim against school principal Robert Evans,[1] plaintiff must allege that the "defendants, acting under color of state law, discriminated against [him] as [a] member[] of an identifiable class and that the discrimination

---

[1] Plaintiff has stipulated to dismissal of his Section 1983 claim against West Contra Costa Unified School District ("WCCUSD" or the "District"). (*See* Dkt. No. 28 ("Opp.") at 22.) Additionally, plaintiff confirmed at the September 24 hearing that his claim under Section 1983 is one for violation of the Equal Protection Clause of the Fourteenth Amendment and not for violation of the Due Process Clause of the same.

was intentional" or with deliberate indifference.[2] *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134-35 (9th Cir 2003). As confirmed by the parties during the September 24 hearing, they do not dispute that Evans was acting under color of state law. With respect to his membership in an identifiable class, plaintiff has alleged that he has a disability (*see* Dkt. No. 15 ("FAC") ¶ 12), which may qualify as a basis for violation of the Equal Protection Clause if not rationally related to legitimate legislative goals. *Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008).

Regarding the nature of the discrimination as either intentional or with deliberate indifference, "[s]chool administrators . . . are deemed 'deliberately indifferent' to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 648 (1999). Plaintiff alleges that he, through his mother, made numerous reports to the school of inappropriate sexual touching perpetrated against plaintiff by other students while he was left unsupervised by District staff and Evans failed to follow-up or conduct an independent investigation after receiving these reports. (FAC ¶¶ 48, 49, 51.) Plaintiff alleges that Evans relied on plaintiff's disability-related communication difficulties to discredit plaintiff's accounts of abuse and as a basis for his refusal to investigate further or take meaningful corrective measures to prevent future abuse. (FAC ¶ 47.) Moreover, plaintiff alleges that Evans failed to train his subordinates adequately to respond properly and appropriately to the reports of sexual harassment and abuse of disabled students and instead school staff "followed Evans' lead by using [p]laintiff's disability related communication challenges to claim that his complaints regarding the ongoing abuse were made up and underserving of any attention." (FAC ¶ 73.) Accordingly, plaintiff has alleged that Evans' conduct, which occurred under the color of state law, constituted discrimination based on plaintiff's disability that was intentional or with deliberate indifference. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1034 (9th Cir. 1998); *Plumeau v.*

---

[2] Plaintiff confirmed during the September 24 hearing that his Section 1983 against Evans is only in Evans' individual capacity. Accordingly, and as conceded by defendants at the September 24 hearing, Eleventh Amendment immunity does not apply.

2

*School Dist. No. 40*, 130 F.3d 432, 439 n.4 (9th Cir. 1997). Accordingly, the Court **DENIES** defendants' motion with respect to plaintiff's Section 1983 claim based on the harm he suffered resulting from sexual touching by other students. However, plaintiff has not alleged that Evans, or any other District employee, knew of or otherwise had suspicion of in appropriate sexual touching against plaintiff *by Mr. King*. Accordingly, the Court **GRANTS** defendants' motion with respect to plaintiff's Section 1983 claim based on the harm he suffered resulting from sexual touching by Mr. King.[3]

Third, with respect to plaintiff's 42 U.S.C. § 12131 ("ADA") claim, as a preliminary matter the Court finds that Eleventh Amendment immunity does not apply to this claim because it is abrogated under Title II of the ADA. *See Guttman v. Khalso*, 669 F.3d 1101, 1123 n.4 (10th Cir. 2012) (noting "a trend of courts holding that, absent the need to vindicate a fundamental right or protect a suspect class, Congress may not abrogate state sovereign immunity," but that there is one "exception to this trend: discrimination against students in public education.").[4] To state a claim for violation of Title II of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). To state a claim for money damages, a plaintiff must allege intentional discrimination, which can be established by a showing of deliberate indifference, which requires both actual knowledge that a harm to a federally protective right is substantially likely, and a deliberate failure to act upon that likelihood. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

---

[3] As noted by the Court during the September 24 hearing, to the extent that plaintiff obtains evidence of such knowledge or suspicion through discovery, he may request leave of Court to amend his complaint.

[4] The Court notes that although the Ninth Circuit has not addressed this issue, the Court finds persuasive the reasoning of each of the circuit to address the issue. *See Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 958–59 (11th Cir. 2005); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 490 (4th Cir. 2005); *Toledo v. Sanchez*, 454 F.3d 24, 40 (1st Cir. 2006); *Bowers v. NCAA*, 475 F.3d 524, 553–55 (3d Cir. 2007).

Parties do not dispute that plaintiff has alleged that he is a qualified individual with a disability. Regarding exclusion from participation or other discrimination, plaintiff alleges that the District, through school principal Evans, terminated an investigation into improper sexual conduct by other students against plaintiff and failed to investigate further complaints and that the District "denied him the benefits of access to their educational program when it acted with deliberate indifference by failing to report, investigate, or discipline known instances of inappropriate sexual touching and sexual abuse and by failing to supervise, train, or discipline staff creating an extremely high risk that such abuses will continue to occur" (FAC ¶¶ 73, 92.) With respect to his contention that the exclusion or discrimination was by reason of his disability and intentional, plaintiff has alleged that Evens "justified [the] failures by using [p]laintiff's disability related challenges in communicating the sequence of events to falsely claim that [p]laintiff was 'fabricating' the substance of his complaints." (FAC ¶ 73.) Plaintiff further alleges that District staff "followed Evans' lead" and used plaintiff's "disability related communication challenges to claim that his complaints regarding the ongoing abuse were made up and undeserving of any attention." (*Id.*) Finally, plaintiff assert that defendants were "deliberately indifferent to the fact that [p]laintiff had was [sic] routinely victimized and that his disability made him particularly susceptible to abuse constitutes a deliberate indifference toward the substantial harm that has been caused."[5] (*Id.* ¶ 92.) Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's ADA claim.

Fourth, defendants' arguments regarding plaintiff's Section 504 claim fail for the same reasons, as such a claim requires the same factual bases as an ADA claim. *See Duvall*, 260 F.3d at 1138.

Finally, regarding plaintiff's Title IX claim, a plaintiff may assert a Title IX claim against a school for sexual harassment by a teacher or by another student where the harassment "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an

---

[5] The Court notes that defendants' argument that plaintiff cannot assert an ADA claim based on Mr. King's conduct under the theory of *respondeat superior* fails. *See Duvall*, 260 F.3d at 1141; *see also* FAC ¶ 30 (alleging that Mr. King sexually assaulted plaintiff and intentionally targeted him based on characteristics related to his disability).

4

educational opportunity or benefit," and "the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities." *Davis*, 526 U.S. at 633. Moreover, a school district is only liable under Title IX where "an official who at minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination and fails to adequately respond." *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 290 (1998). Defendants argue that plaintiff did not allege actual knowledge of King's alleged sexual harassment and therefore fails to assert a Title IX claim. (MTD at 24-25; Reply at 8-9.) However, plaintiff has alleged actual knowledge of the alleged sexual contact by fellow special needs students. (FAC ¶¶ 20, 21, 23 45, 46, 116.) Accordingly, the Court **GRANTS IN PART** defendants' motion to dismiss plaintiff's Title IX claim to the extent that it is grounded in conduct by Mr. King and **DENIES IN PART** defendants' motion to the extent that it is grounded in conduct by other students.

This Order terminates Docket Number 23.

**IT IS SO ORDERED.**

Dated: September 27, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**