Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com

Colleen M. Mullen (SBN 299059)
**THE BLOOM FIRM**
20700 Ventura Blvd., Suite 301
Woodland Hills, CA 91364
Telephone: (818) 914-7397
Facsimile: (818) 884-8079

*Attorneys for Plaintiff, BRENNON B.*

Timothy P. Murphy (SBN 120920)
Cody Lee Saal (SBN 286041)
**EDRINGTON, SCHIRMER & MURPHY LLP**
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320
E-mail: TMurphy@esmlawfirm.com

*Attorneys for Defendants WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT and ROBERT EVANS*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| BRENNON B., by and through his guardian ad litem BELLINDA B., <br><br> Plaintiff, <br><br> v. <br><br> WEST CONTRA COSTA UNIFIED SCHOOL DISTRICT operating as DE ANZA HIGH SCHOOL; ROBERT EVANS, an individual, and DOES 1 through 20, inclusive <br><br> Defendants. | Case No. 19-cv-02394-YGR <br> [Hon. Yvonne Gonzalez Rogers] <br><br> **JOINT UPDATED CASE MANAGEMENT STATEMENT** <br><br> Date: November 4, 2019 <br> Time: 2:00 PM <br> Location: Ronald Dellums Federal Building <br> Courtroom 1, 4th Floor <br> 1301 Clay Street <br> Oakland, CA 94612 <br> Case Filed: May 1, 2019 <br> Trial Date: TBD |

The parties to the above-entitled action jointly submit this JOINT UPDATED CASE MANAGEMENT STATEMENT pursuant to Federal Rules of Civil Procedure, Rule 26, Civil Local Rule 16-9 and this Court's Order issued on September 24, 2019. (ECF Doc. 33.)

**1. JURISDICTION & VENUE:**

The parties agree that this court has original jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. section 1331 and 28 U.S.C. section 1343(a)(3). The parties additionally agree that venue is proper in this District pursuant to 28 U.S.C. section 1391(b) because Defendants were either doing business in or located in the jurisdictional area and the incident giving rise to this litigation occurred in the jurisdictional area.

**2. STATUS OF SERVICE:**

Service has been completed for all named Defendants.

**3. JOINDER OF ADDITIONAL PARTIES:**

The Parties do not anticipate the joinder of additional parties.

**4. BRIEF STATEMENT OF FACTS:**

Plaintiff alleges that Plaintiff is a disabled adult who was diagnosed with Autism Spectrum Disorder ("Autism") when only a few years of age. The specific incidents giving rise to this lawsuit involve alleged instances of the repeated physical and/or sexual abuse of Plaintiff by three special needs students and one staff member, that occurred between 2012 and 2016, while Plaintiff was enrolled as a special education student at De Anza High School ("DAHS") in the West Contra Costa Unified School District ("WCCUSD"). A lawsuit concerning the conduct of one of said special education students was filed by Plaintiff on August 5, 2013 and resolved by CCP § 998 Offer of Judgment on May 11, 2015, (Superior Court of Contra Costa County, Case No. CIVMSC13-01676). Plaintiff additionally alleges that despite being fully aware of the repeated abuse perpetrated by WCCUSD students, Defendants did nothing to stop or prevent further abuse. As a result of Defendants' inaction, Plaintiff was additionally sexually assaulted on at least four separate occasions by Dawaun King ("Mr. King"), a para-educator at DAHS. Mr. King was specifically assigned to monitor, supervise, and keep Plaintiff safe while on campus.

1  Defendants dispute the occurrence of the alleged incidents and/or dispute the nature and extent of the alleged incidents.

Plaintiff filed an action in the Contra Costa County Superior Court against these Defendants on May 31, 2016, regarding the alleged incidents of student-on-student harassment. Thereafter, the parties engaged in voluminous discovery for two years. On or about May 30, 2018, on the eve of trial, the parties learned that Mr. King, a former De Anza High School aide, confessed to police (in connection with a separate investigation) to engaging in alleged sex acts with Plaintiff during the time of his employment with the school district. The trial date in the state court action was vacated and Plaintiff filed a Second Amended Complaint (SAC) on October 3, 2018, to include the allegations of sexual abuse by Mr. King. Defendants filed a Demurrer to the SAC on December 7, 2018, arguing in part that a public-school district was not a "business establishment" under the California Unruh Act. The Superior Court granted in part Defendants' Demurrer without leave to amend on March 4, 2019. Plaintiff subsequently filed a petition for writ of mandate on April 23, 2019. Plaintiff's writ to the California Court of Appeal is still pending; no date has been set for oral argument. The Superior Court deferred ruling on the remainder of Defendants' Demurrer pending the California Supreme Court's decision in *Big Oak Flat-Groveland Unified School Dist. v. Superior Court* 234 Cal.Rptr.3d 74 (June 13, 2018). The California Supreme Court transferred the matter to the Court of Appeal, Fifth Appellate District, for reconsideration. (*Big Oak Flat-Groveland Unified School Dist. v. Superior Court,* 249 Cal.Rptr.3d 520 (July 17, 2019).

A criminal action against Mr. King is also pending and is presently scheduled for trial in the Contra Costa Superior Court on January 13, 2020.

Thus, the state court action is still pending, and no trial date has been set.

Plaintiff now brings the instant federal action against these Defendants premised on the same alleged conduct and occurrences as alleged in the state court action.

**5.     SUMMARY OF CLAIMS AND LIABILITY:**

Plaintiff alleges that the sexual assault perpetrated by Mr. King and the resulting harm is the direct and foreseeable consequence of a pattern and practice by Defendants of complete inaction and

indifference toward Plaintiff's abuse, on account of his disability. Plaintiff's First Amended Complaint includes claims for the: (1) violation of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) violation of Title II of the Americans with Disabilities Act under 42 U.S.C. § 12101; (3) violation of the Rehabilitation Act under 29 U.S.C. § 794 (section 504); and the (4) violation of Title IX of the Education Amendments of 1972 under 20 U.S.C. § 1681.

Defendants deny liability and dispute the nature and extent of Plaintiff's claimed damages. Plaintiff's claims premised on Mr. King's alleged misconduct have been dismissed without prejudice. Plaintiff's Section 1983 claim is alleged only against Defendant Evans in his individual capacity and only for alleged violation of Plaintiff's right to Equal Protection under the Fourteenth Amendment. Plaintiff's Section 1983 claim against Defendant Evans to the extent premised on alleged violation of his Substantive Due Process rights under the Fourteenth Amendment has been dismissed.

**6.     AMENDED PLEADINGS:**

Plaintiff filed his original complaint on May 1, 2019. (ECF Doc. 1.) Defendants WCCUSD and Robert Evans subsequently filed a F.R.C.P. 12(b)(1), (6) motion to dismiss. (ECF Doc. 14.) In response, Plaintiff filed his First Amended Complaint on August 1, 2019. (ECF Doc. 15.) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was granted in part and denied in part by Order dated September 27, 2019. (ECF Doc. 38.) Defendants subsequently filed their Answer to the First Amended Complaint and Request for Jury Trial on October 8, 2019. (ECF Doc. 39.) Footnote 3 of the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint provides that Plaintiff may request leave to amend his complaint should certain evidence be developed concerning Mr. King in the course of discovery.

**7.     LAW AND MOTION:**

a.     <u>Prior or Pending Motions.</u>  Defendants WCCUSD and Robert Evens jointly filed their first F.R.C.P. 12(b)(1), (6) motion on July 19, 2019. (ECF Doc. 14.) The motion was rendered moot by the filing of Plaintiff's First Amended Complaint on August 1, 2019. (ECF Doc. 15.) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint was granted in part and

1   denied in part by Order dated September 27, 2019. (ECF Doc. 38.) No motions are presently
2   pending.

3             b.     <u>Anticipated Motions.</u>

4   Defendants anticipate filing a Motion for Summary Judgment and/or Adjudication.

5   With regard to former employee Mr. King's personnel file, Defendants will be obligated to
6   assert employee privacy objections in response to Plaintiff's anticipated request for disclosure.
7   However, Defendants acknowledge that said file is relevant to this litigation. Defendants shall
8   produce said file upon court order or employee authorization.

9   Additional discovery-related motions, brought by either party, may be necessary as disputes
10   arise and will be presented in accordance with this Court's Standing Order in Civil Cases.

11   Defendants issued subponeas for documents and evidence relative to the pending criminal
12   charges against Dawaun King and the investigations related thereto. The Contra Costa County
13   District Attorney's Office has objected to the subpoena, and the Children's Interview Center has
14   advised that it intends to also serve an objection. No response has yet been received from the Pinole
15   Police Department. Defendants will be requesting an Order compelling complete production in
16   response to its subpoenas, in accordance with this Court's Discovery Standing Order.

17   **8.**     **EVIDENCE PRESERVATION:**

18   The parties have reviewed the guidelines relating to the discovery of electronically stored
19   information ("ESI Guidelines"). Furthermore, the parties have met and conferred pursuant to
20   Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to
21   preserve evidence relevant to the issues reasonably evident in this action.

22   **9.**     **DISCLOSURES:**
23   The Parties have exchanged initial disclosures.

24   **10.**     **DISCOVERY:**

25             a.     <u>Discovery Taken To Date.</u> Plaintiff filed a lawsuit in state court against
26   Defendants on May 31, 2016, regarding the alleged incidents of student-on-student harassment. The
27   parties engaged in two years of discovery regarding those alleged incidents. The parties agree that

28

discovery and depositions from the state action can be used in the instant federal action.

Plaintiff has propounded written discovery including Interrogatories, Requests for Production of Documents and Requests for Admissions. Defendants intend to serve Interrogatories, Requests for Production of Documents and Requests for Admissions. It is additionally anticipated that depositions will be taken. The parties are continuing to engage in written discovery in the state court action.

      b.      <u>Discovery Topics.</u> Defendants request that written discovery and depositions in the federal action be limited to allegations, facts and issues related to conduct by Mr. King, and/or issues that are unique to the federal claims, if any. Exhaustive discovery has already occurred in the Superior Court action relative to the claims of student-on-student assaults (and claimed harm resulting therefrom), as well as school district policies and procedures related to (inter alia) student supervision, investigations of complaints, hiring, training and supervision of employees, mandated reporter duties and anti-discrimination policies and practices.

Plaintiff anticipates that discovery will be needed on the: (1) facts and circumstances surrounding the alleged incidents of sexual abuse of Plaintiff; (2) the nature and extent of the alleged incidents involving Mr. King; (3) Defendants' policies, procedures, pattern and practice with respect to student supervision, investigation of claims of sexual misconduct and/or assault of students, the treatment of disabled students, and the hiring, training, and supervision of WCCUSD employees; (4) the hiring, supervision, and retention of Mr. King; and (5) the claimed damages suffered by Plaintiff as a result of the alleged incidents of sexual abuse.

Defendants are only in agreement with discovery topics two (2), four (4) and five (5), above, and only to the extent premised on alleged misconduct by Mr. King.

      c.      <u>Proposed Discovery Schedule. The parties have set forth their proposed schedule for this matter, including discovery deadlines, in Section 19, below.</u>

      d.      <u>Changes to Discovery Limitations.</u>  Plaintiff anticipates the potential need to take more than ten (10) depositions as permitted under Federal Rules of Civil Procedure, Rule 30. Defendants do not agree to expand the discovery limitations set forth in FRCP 30 and 33.

Additionally, Plaintiff proposes the use of general form interrogatories without counting toward the number of interrogatories permitted under Federal Rules of Civil Procedure, Rule 33.

e. <u>E-Discovery Order.</u>  The Parties have not considered entering into a stipulated e-discovery order to date.

**11.   CLASS ACTIONS:**

No class action is proposed.

**12.   RELATED CASES:**

Although the following cases do not meet the definition of "Related Cases" under Local Rule 3-12, the following cases concern similar general facts and/or parties:

The parties are continuing to litigate the state court action, Case No. C16-01005, in the Superior Court of California, County of Contra Costa. No new trial date has been set. All fact and expert discovery has been completed except that which pertains to claims concerning Mr. King's conduct. The state court matter is delayed until Plaintiff's petition for writ of mandate is resolved by the Court of Appeal. Presently, no date has been set for oral argument.  The matter is further delayed pending resolution of *Big Oak Flat-Groveland Unified School Dist. v. Superior Court,* 249 Cal.Rptr.3d 520 (July 17, 2019), which will dictate the remainder of the Superior Court's ruling on Defendants' Demurrer.

A criminal action against Mr. King is also pending, Docket No. 02-327674-8, in the Superior Court of California, County of Contra Costa. Trial is presently scheduled to commence on January 13, 2020.

**13.   RELIEF SOUGHT:**

Plaintiff seeks special and general damages in an amount to be proven at trial. Plaintiff additionally seeks punitive damages against the non-public entity Defendants, the costs of the suit, prejudgment interest, and attorneys' fees as permitted by law.

**14.   SETTLEMENT & ADR:**

A settlement conference before Magistrate Judge Beeler has been scheduled for November 26, 2019.

**15. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have not consented to a magistrate judge.

**16. OTHER REFERENCES:**

The parties do not believe that this case is suitable to binding arbitration.

**17. NARROWING OF ISSUES:**

Some narrowing of issues occurred as a result of this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Further narrowing of issues may be achieved through Defendants' Motion for Summary Judgment or Adjudication, which will be filed in accordance with this Court's Standing Order.

**18. EXPEDITED TRIAL PROCEDURE:**

The parties do not believe that this case is appropriate for the Expedited Trial Procedure.

**19. SCHEDULING:**

The parties request that this matter be scheduled for a Jury Trial commencing no sooner than March 8, 2021. If that date is satisfactory to the court's schedule, then the parties propose the following dates for the Court's consideration:

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
| --- | --- | --- |
| Trial | March 8, 2021 | March 8, 2021 |
| Pre-Trial Conference | February 19, 2021 | February 19, 2021 |
| Dispositive Motion Hearing Date | October 6, 2020 | November 3, 2020 |
| Reply to Dispositive Motion | September 22, 2020 | |
| Opposition to Dispositive Motion | September 8, 2020 | |
| Dispositive Motion Filing | August 1, 2020 (subject to the Court's Pre-Filing Conference Requirements) | September 29, 2020 (subject to the Court's Pre-Filing Conference Requirements) |
| Expert Discovery Cutoff | December 9, 2020 | August 31, 2020 |
| Rebuttal Expert Disclosure Deadline | October 8, 2020 | August 17, 2020 |
| Fact Discovery Cutoff | September 8, 2020 | July 24, 2020 |

**20. TRIAL:**

Plaintiff has demanded a jury trial. The Parties estimate that ten to fifteen (10-15) days will

///

be needed for trial.

**21.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiff has filed his Certification of Interested Entities or Persons on August 12, 2019. The disclosure rule does not apply to Defendants per USDC Civil Local Rule 3-15(a).

**22.     PROFESSIONAL CONDUCT:**

The attorneys of record have reviewed the guidelines for professional conduct for the Northern District of California.

**23.     MODIFICATION OF PRETRIAL PROCEDURES:**

The Parties do not anticipate the need to modify any pretrial procedures based on the simplicity or complexity of the case.

**24.     SETTLEMENT:**

The Parties are scheduled to participate in a Settlement Conference with Magistrate Judge Beeler on November 26, 2019.

**25.     OTHER MATTERS:**

The parties are not aware of any further items that need to be addressed at the Joint Case Management Conference.

Dated: October 28, 2019

By: /s/ Micha Star Liberty

Micha Star Liberty (SBN 215687)
**LIBERTY LAW**
1970 Broadway, Suite 700
Oakland, CA 94612
Telephone: (510) 645-1000
Facsimile: (888) 645-2008
E-mail: team@libertylaw.com
*Attorneys for Plaintiff, Brennon B.*

///
///
///
///
///

Dated:  October 28, 2019

By: /s/ Timothy P. Murphy
Timothy P. Murphy (SBN 120920)
Cody Lee Saal (SBN 286041)
**EDRINGTON, SCHIRMER & MURPHY LLP**
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320
E-mail: TMurphy@esmlawfirm.com
*Attorneys for Defendants WCCUSD and ROBERT EVANS*

### FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Micha Star Liberty hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.

Dated: October 28, 2019

By: /s/ Micha Star Liberty
Micha Star Liberty
*Attorney for Plaintiff, Brennon B.*